# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-490V

|  |  |
|---|---|
| TYHIEM CANNON,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 12, 2026 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On January 11, 2021, Tyhiem Cannon filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered to him on November 11, 2020. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, he suffered sequela of his injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for his vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 17, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for his SIRVA. ECF No. 49. On February 11, 2026, Respondent filed a Proffer on award of compensation ("Proffer") indicating Petitioner should be

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

awarded $5,000.00 in pain and suffering and $2,180.00 in past unreimbursable expenses. Proffer at 2, ECF No. 56. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *See id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $7,180.00 for pain and suffering and past unreimbursable expenses to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

TYHIEM CANNON,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

No. 21-490V
Chief Special Master Corcoran
ECF

**PROFFER ON AWARD OF COMPENSATION[1]**

On January 11, 2021, Tyhiem Cannon ("petitioner") filed a petition for compensation

under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 ("Vaccine

Act" or "Act"), alleging that he suffered a shoulder injury related to vaccine administration

("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza

vaccine on November 11, 2020.  Petition at 1.  On November 17, 2025, Chief Special Master

Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine

compensation for his SIRVA.[2]  *See* Ruling on Entitlement (ECF No. 49).

I.      **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded

---

[1]  This Proffer does not include attorneys' fees and costs, which the parties intend to address after
the Damages Decision is issued.

[2] Respondent has no objection to the amount of the proffered award of damages set forth herein.
Assuming the Chief Special Master issues a damages decision in conformity with this proffer,
respondent waives his right to seek review of such damages decision.  However, respondent
reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special
Master's November 17, 2025, entitlement ruling.

the following:

    A.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$5,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

    B.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$2,180.00.**  *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    **Form of the Award**

The parties recommend that compensation provided to petitioner should be made through a lump sum payment, as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[3]

> A lump sum payment of **$7,180.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Tyhiem Cannon.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

        Respectfully submitted,

        BRETT A. SHUMATE
        Assistant Attorney General

        JONATHAN D. GUYNN
        Acting Director
        Torts Branch, Civil Division

---

[3] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON
Assistant Director
Torts Branch, Civil Division

s/ Sarah C. Duncan
SARAH C. DUNCAN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 514-9729
Email:  sarah.c.duncan@usdoj.gov

DATED:  February 11, 2026

3